IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANDRA E. ROSS-STATEN,                               Case No.

      Plaintiff,

v.                                                                         **JURY TRIAL DEMANDED**

FINANCIAL RECOVERY CENTER, INC.,

      Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.     Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.    Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.   Parties

4. Plaintiff, Nandra E. Ross-Staten (hereafter "Plaintiff"), is an individual who resides in the city of St. Petersburg, county of Pinellas, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with

standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, Financial Recovery Center, Inc. (hereinafter "FRC"), is corporation incorporated under the laws of the state of New York, with its principal place of business located at 908 Niagara Falls Boulevard, Suite 220, North Tonawanda, New York 14120; Defendant FRC is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), and an "out-of-state consumer debt collector," as defined by F.S.A. § 559.55(8).

## IV.     Factual Allegations

6. On or about December 29, 2009 Plaintiff received a call on her cell phone from phone number (716) 213-0914.

7. At the time that she received this phone call, Plaintiff was sitting at her desk at work, speaking with a co-worker.

8. When Plaintiff answered the phone, an unidentified female caller (hereinafter "Jane Doe" or "Doe") asked to speak with Nandra Staten.

9. When Plaintiff identified herself, Jane Doe asked a series of questions to determine whether or not Plaintiff knew a person by the name of Bernice Wyche.

10. Once Plaintiff confirmed that she knew Bernice Wyche, Jane Doe asked Plaintiff if she knew that Bernice Wyche "had [Plaintiff] down as a 'co-maker' on a loan?"

11. When asked to clarify what that meant, Jane Doe explained that it meant that Plaintiff was responsible for Bernice Wyche's debt.

12. Plaintiff could hear that Jane Doe was being "coached" on what to say by a person in the background during this phone call.

13. Plaintiff advised Jane Doe that she never cosigned a loan with Bernice Wyche and therefore she (Plaintiff) was not going to pay anything to Doe.

14. Jane Doe then said to Plaintiff, "Well, your name is on here; were you not aware of this?"

15. Plaintiff answered that she knew nothing about co-signing for a loan with Bernice Wyche.

16. Jane Doe then told Plaintiff that she (Plaintiff) "should go to the sheriff department and file charges against [Bernice] for fraud."

17. Faced with the gravity of a situation she was not expecting when she first answered the phone, Plaintiff asked Jane Doe if she could call her back at a later time because she was currently at work and was not able to have this type of conversation at work.

18. After Plaintiff requested to end the call, Jane Doe asked Plaintiff to hold on the line because her supervisor would like to speak with her.

19. Plaintiff once more asked Jane Doe for a phone number to call back at a later time as it was not a good time for her to be on the phone at work.

20. Jane Doe gave Plaintiff the following number for a call back at a later time: (866) 748-7600, however she refused to end the call with Plaintiff.

21. After giving Plaintiff the phone number, Doe turned the call over to her supervisor, "Keith," who, after coming on the line, began demanding payment from Plaintiff for the debt allegedly owed by Bernice Wyche.

22. Plaintiff then explained to Keith that she did not care to discuss this issue over the phone any longer because she was at work, but Keith still refused to end the call.

23. Agitated, Plaintiff raised her voice at Keith, who then said to Plaintiff, "I didn't go through six years of law school [to be insulted by Plaintiff]," and he then, finally, hung up the phone.

24. Immediately, Plaintiff sent an electronic message through her cellular phone to Bernice Wyche, asking for a call back immediately.

25. Wyche called Plaintiff immediately and Plaintiff explained the conversation she just had with Defendant FRC and its employees/agents.

26. Wyche was furious at the situation and explained to Plaintiff that the debt had already been paid in full.

27. Wyche then requested the phone number for Defendant FRC, because she wanted to call them to "sort it out."

28. As the call ended between Plaintiff and Wyche, Plaintiff decided to also call the number herself to determine why Defendant FRC was calling her, since she now knew that the debt wasn't even owed anymore, and moreover, since she now had, albeit superfluous, confirmation from Ms. Wyche that she was not an obligor on the loan.

29. Plaintiff called the number and reached an employee named "Mike" who explained to Plaintiff that the debt was originally owed to "Check N Go" and his records indicate that Plaintiff cosigned with Wyche.

30. Plaintiff disagreed with Mike regarding whether she cosigned for the loan and asked him to send her the information and documents showing that Plaintiff is liable to pay, and then provided a facsimile number for him to use.

31. Plaintiff never received any correspondence regarding her request of Defendant FRC to validate the debt.

32. Plaintiff identified another call from Defendant FRC on January 4, 2010 on her cellular phone, though she did not answer the call.

33. Defendants engaged in a telephone conversation continuously, with the intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

34. Defendant's false representation that Plaintiff is liable to pay the debt of Wyche was violative of the FDCPA.

35. Defendant's false representation or implication that Wyche committed a crime in order to disgrace her or Plaintiff was violative of the FDCPA.

36. Keith's false implication that he is an attorney was violative of the FDCPA and FCCPA.

37. As a result of Defendant's actions and/or omissions, Plaintiff suffered from great embarrassment amongst her coworkers and supervisor, an inability to focus on her employee-related duties, feelings of helplessness, aggravation and frustration, fear of having to pay for a loan which she was not liable to pay, and invasion into the privacy and seclusion of her personal affairs.

### First Claim for Relief
### FDCPA Violation
### Nandra E. Ross-Staten v. Financial Recovery Center, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 37.

38. Defendants' actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

39. All acts or omissions of the employees/agents of Defendant FRC were performed within the scope of their respective employment/agency with Defendant FRC, thus subjecting Defendant FRC to vicarious liability for these acts under the doctrine of respondeat superior.

40. The foregoing acts and omissions of Defendant and its agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(1),

1692e(2), 1692e(3), 1692e(7), 1692e(10), 1692e(11), 1692f(1), 1692g(a)(1), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

41. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Nandra E. Ross-Staten v. Financial Recovery Center, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 37.

42. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

43. All acts or omissions of the employees/agents of Defendant FRC were performed within the scope of their respective employment/agency with Defendant FRC, thus subjecting Defendant FRC to vicarious liability for these acts under the doctrine of respondeat superior.

44. The foregoing acts and omissions of Defendant and its agents constitute numerous and several violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7), 559.72(8), 559.72(9), and 559.72(12).

45. As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### V.   Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and FCCPA;

b. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

d. Punitive damages, pursuant to F.S.A. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

f. Such other and further relief as may be just and proper.

Respectfully submitted, this 30th day of July, 2010.

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Ste. A
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE